JOHN G. BURGEE, ESQ. (State Bar No. 132129)
**jburgee@bandalaw.net**
BURGEE & ABRAMOFF P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
Tel: (818) 264-7575

Attorneys for Plaintiff
SON OF THE SOUTH OWNER, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SON OF THE SOUTH OWNER, LLC, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | 1. BREACH OF CONTRACT<br>2. FRAUD |
| CLEAR DISTRIBUTION, LLC, DAVID RAYMOND BROWN, 8TH WONDER PICTURES, LLC, and DOES 1 to 10, inclusive, | 3. COMMON COUNTS<br>3. DECLARATORY AND INJUNCTIVE RELIEF/ CONSTRUCTIVE TRUST |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff SON OF THE SOUTH OWNER, LLC alleges as follows:

**THE PARTIES**

1. Plaintiff SON OF THE SOUTH OWNER, LLC ("SOTS") is a New York limited liability company with its principal place of business in New York. SOTS is a citizen of New York and all of the members of SOTS are citizens of New York. Neither SOTS nor any of its members are citizens of the State of California, the State of Delaware or the State of Texas.

2. Defendant CLEAR DISTRIBUTION, LLC ("CLEAR") is a California limited liability company with its principal place of business in California. CLEAR is a citizen of California and all of the members of CLEAR are citizens of California.

1

Neither CLEAR nor any of its members are citizens of the State of New York, the State of Delaware or the State of Texas.

3. Defendant DAVID RAYMOND BROWN ("BROWN") is an individual who is believed to reside in the County of Los Angeles, State of California. BROWN is a principal, member and/or manager of CLEAR.

4. Defendant 8TH WONDER PICTURES, LLC ("8th WONDER") is a Delaware limited liability company with a place of business in Texas. 8th WONDER is a citizen of the States of Delaware and Texas and all of the members of 8th WONDER are citizens of Texas. Neither 8th WONDER nor any of its members are citizens of the State of California or the State of New York.

5. The names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue such defendants by such fictitious names. Plaintiff will amend this Complaint when the true names and capacities of such defendants have been ascertained. Plaintiff further allege that each such defendant is responsible in some manner for the actions alleged herein and further for the damages suffered by Plaintiff.

6. Plaintiff is informed and believes and thereon alleges that there exists, and at all times relevant herein there existed, a unity of interest in ownership between CLEAR and BROWN, such that any individuality and separateness between these parties has ceased, and that BROWN is the alter ego of CLEAR and it would be unjust not to hold BROWN liable for the claims alleged herein against CLEAR.

## JURISDICTION AND VENUE

7. This action, as hereinafter more fully appears, is subject to the jurisdiction of this Court pursuant to 28 U.S.C. 1332(a) based upon the amount in controversy being in excess of $75,000.00 and the action involving business entities and an individual that are citizens of different States. SOTS is a citizen of the State of New York; CLEAR and BROWN are citizens of the State of California; and 8th

WONDER is a citizen of the States of Delaware and Texas.

8. This Court has personal jurisdiction over the Defendants as they are either located and doing business in this District, or they consented to the personal jurisdiction of this Court through relevant contracts that are at issue herein.

9. This action is properly venued in this Court pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of the action is situated in this District, and 28 U.S.C. 1391(b)(3) in that CLEAR is a resident of this District.

## **BACKGROUND OF THE CONTROVERSY**

10. SOTS produced a feature-length motion picture titled "Son of the South" (the "Picture"). After negotiations, CLEAR and SOTS executed a written Acquisition Agreement effective as of June 12, 2020, where CLEAR acquired all rights, licenses and privileges to the motion picture after satisfaction of certain conditions precedent. (A true and correct copy of the Acquisition Agreement is attached hereto as Exhibit A.) SOTS was induced to enter into the Acquisition Agreement based upon representations by BROWN in May 2020 that CLEAR had $2,000,000 in the bank to be able to pay SOTS the amounts required by that contract.

11. Among other things, the Acquisition Agreement provided that CLEAR would pay SOTS a fully recoupable advance of $1,500,000.00 not more than two (2) business days after satisfaction of the conditions precedent plus another $300,000.00 due no later than ten (10) business days after initial release of the Picture in the United States.

12. The conditions precedent were met and CLEAR made payment to SOTS of $1,500,000.00. In order to make this payment, CLEAR borrowed funds from 8th WONDER, despite the prior representations of BROWN that CLEAR already had funds sufficient to make both of the advance payments due pursuant to the Acquisition Agreement.

13. The Picture was released in the United States on February 5, 2021. This triggered CLEAR's obligation to pay SOTS the remaining $300,000.00 due under the Acquisition Agreement. However, CLEAR never made this payment which remains due and payable.

14. Although CLEAR borrowed funds from 8th WONDER sufficient to make the initial payment to SOTS, the amount of the loan was not sufficient to provide for the balance due and, as stated, it was evident that BROWN had misrepresented CLEAR's financial condition. Instead, CLEAR was relying upon receipts from distribution contracts to make the remaining payment due to SOTS.

15. Plaintiff is informed and believes and thereon alleges that CLEAR received receipts from distribution contracts sufficient to pay SOTS the amount due. However, Plaintiff is informed and believes and thereon alleges that CLEAR and BROWN converted these funds for other purposes unrelated to the Picture. CLEAR defaulted on the loan from 8th WONDER and 8th WONDER brought a lawsuit against CLEAR to collect the balance due on its loan in the United States District Court for the Central District of California titled *8th Wonder Pictures, LLC v. Clear Distribution, LLC*, Case Number 2:21-cv-00726-DSF-JEM (the "8th Wonder Action").

16. In the 8th Wonder Action, 8th WONDER asserts that its loan was collateralized by all of CLEAR's assets including its distribution rights under the Acquisition Agreement. In support of foreclosing on the collateral and exploiting the distribution rights, 8th WONDER sought and obtained the appointment of a receiver in the 8th Wonder Action.

17. Since SOTS has not been fully paid for the Picture, SOTS asserts a right to receive payment through funds obtained from distribution sales. SOTS, therefore, has competing claims against CLEAR which potentially impact 8th WONDER's collateral and the rights of the Court-appointed receiver. Nonetheless, SOTS' effort to intervene in the 8th Wonder Action was denied by the Court.

**FIRST CAUSE OF ACTION**

(Breach of Written Contract Against CLEAR, BROWN and DOES 1 to 10)

18. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 18, inclusive, of this Complaint.

19. The Acquisition Agreement constitutes a written contract between CLEAR and SOTS.

20. SOTS performed all of its obligations pursuant to the Acquisition Agreement except as have been excused, waived or rendered impossible.

21. Defendants breached the Acquisition Agreement by failing to pay SOTS the $300,000.00 due after the initial US release of the Picture.

22. As the result of the breach of the Acquisition Agreement, SOTS has been damaged by at least $300,000.00 together with such further amounts subject to proof at the time of trial.

**SECOND CAUSE OF ACTION**

(For Fraud Against CLEAR, BROWN and DOES 1 to 5)

23. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 17, inclusive, of this Complaint.

24. BROWN who is an officer, member, and/or manager of CLEAR negotiated the Acquisition Agreement with SOTS, promising to pay SOTS the total advance of $1,800,000 in connection with the release and distribution of the Picture. During the negotiations in May 2020, BROWN represented to the agents and representatives of SOTS that CLEAR had $2,000,000 in the bank as proof of funds available to pay SOTS the advances required by the Acquisition Agreement.

25. SOTS is informed and believes and thereon alleges that CLEAR did not intend to perform this promise when it was made, or that this promise to pay CLEAR $1,800,000 was made despite knowing and recklessly disregarding that CLEAR would not be able to honor the promise and pay this amount. Moreover, BROWN's representations that CLEAR had $2,000,000 in the bank to pay SOTS and/or that

such funds would be used to pay the advances were false and fraudulent. BROWN knew that his promises and representations that he made on behalf of CLEAR were false and/or he made such false promises and representations with no reasonable grounds to believe that the purported funds in CLEAR's bank account or any other funds would be available to fulfill his promises.

26. BROWN made the false representations and promises on behalf of CLEAR for the purpose of inducing SOTS to enter into the Acquisition Agreement which would allow CLEAR to derive revenues from the exploitation of the Picture. SOTS and its agents and officers reasonably believed and relied upon the representation that CLEAR had $2,000,000 and the promise of full payment as material facts upon it SOTS based its decision to enter into the Acquisition Agreement and deliver the Picture to CLEAR for distribution. SOTS would not have entered into the Acquisition Agreement with CLEAR if its managers and principals had known that CLEAR did not have $2,000,000 in the bank and that it did not intend to make the full payment and/or had no reasonable grounds to believe that funds would be available to do so.

27. SOTS relied upon the false proof of funds and the false promise of full payment to its detriment in entering into the Acquisition Agreement and delivering the Picture. As the result of Defendants' fraud in the inducement of the Acquisition Agreement and the delivery of the Picture, SOTS has sustained damages of $300,000.00 and such other amounts, subject to proof at the time of trial. In addition, SOTS is entitled to terminate the Acquisition Agreement and all rights thereunder since any provision in that contract to the contrary was procured by fraud.

28. The false representations and promises which were made by BROWN as an officer, member, and/or manager of CLEAR, constitute fraud. SOTS is therefore entitled to an award of exemplary damages against CLEAR and BROWN in amounts deemed appropriate by the trier of fact.

**THIRD CAUSE OF ACTION**

(For Common Counts Against All Defendants)

29. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 27, inclusive, of this Complaint.

30. Defendants have are expected to receive funds from distribution sales of the Picture which were and are owed to SOTS in payment of the balance owned pursuant to the Acquisition Agreement. Since the contract was procured by fraud, Defendants have no right to retain such funds which rightfully belong to SOTS. Defendants are therefore indebted to SOTS in the amount of $300,000.00 which remains outstanding and payable and such further amounts as may be shown due at trial.

**FOURTH CAUSE OF ACTION**

(For Declaratory and Injunctive Relief/Constructive Trust

Against All Defendants)

31. Plaintiff incorporates here by reference all of the allegations set forth in paragraphs 1 through 30, inclusive, of this Complaint.

32. A justiciable dispute exists between the parties regarding (a) the rights to the Picture and (b) the rights to funds from distribution sales of the Picture. Based upon the fraudulent inducement of the Acquisition Agreement, SOTS asserts the right to terminate that contract, invalidating any further rights derived therefrom to distribute or otherwise exploit the Picture. Additionally, any rights to exploiting the Picture derives from the Acquisition Agreement which includes the obligation to pay SOTS the remaining balance due of $300,000. Any party attempting to rely on the grant of rights under the Acquisition Agreement is bound to accept the burden of making the payment due SOTS. Consequently, SOTS asserts a priority right to payment from any sales or other exploitation of the Picture. Defendants deny and dispute SOTS's contentions.

33. In furtherance of SOTS' right to terminate the Acquisition Agreement and receive funds from the distribution or other exploitation of the Picture, SOTS seeks a temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants from distributing or exploiting the Picture. SOTS will sustain irreparable damages which are difficult to ascertain from the failure to obtain distribution contracts that do not maximize revenues or appropriately exploit the Picture.

34. In furtherance of SOTS' right to funds from distribution sales and the exploitation of the Picture, SOTS asks that the Court impose a constructive trust over any funds received from any such sales or exploitation for SOTS' benefit and compel payment of any such funds to SOTS.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For damages in the sum of $300,000.00 plus such further amounts as established at trial;
2. For the termination of the Acquisition Agreement;
3. For a judicial declaration that SOTS is the sole holder of any and all rights to the Picture and is entitled to all funds from distribution sales of the Picture;
4. For a temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants from distributing or exploiting the Picture;
5. For a constructive trust over any funds received from sales or exploitation of the Picture for SOTS' benefit and an order compel payment of any such funds to SOTS;
6. For pre-judgment and post-judgment interest according to law;

7. For costs of suit incurred herein including attorneys fees as permitted by law; and

8. For such other and further relief as the Court deems just and proper.

Dated: May 6, 2021           BURGEE & ABRAMOFF P.C.

By:   /s/ John G. Burgee
      JOHN G. BURGEE
Attorney for Plaintiff
SON OF THE SOUTH OWNER, LLC

## DEMAND FOR JURY TRIAL

Plaintiff SON OF THE SOUTH OWNER, LLC demands a trial by jury of the claims asserted in the Complaint.

Dated: May 6, 2021           BURGEE & ABRAMOFF P.C.

                                      By:   /s/ John G. Burgee
                                            JOHN G. BURGEE
                                      Attorney for Plaintiff
                                      SON OF THE SOUTH OWNER, LLC